IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

RICHARD ZALINSKY,

    Plaintiff,

v.

SIGNATURE AUTOMOTIVE SERVICES, INC.,
a Florida profit corporation,
d/b/a BODY CRAFT USA, ARTUR TOBOLA, individually,
and ALAN AMADOR, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, RICHARD ZALINSKY, [herein referred to as "Plaintiff"], by and through her undersigned attorney and hereby files this Complaint against Defendant, SIGNATURE AUTOMOTIVE SERVICES, INC., a Florida profit corporation d/b/a BODY CRAFT USA, ARTHUR TOBOLA individually and ALAN AMADOR, individually, and as grounds therefore alleges as follows:

### JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"), for unpaid overtime.

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff, RICHARD ZALINSKY is a resident of Miami-Dade County, Florida.

5. Upon information and belief, Defendant, ARTUR TOBOLA is a resident of Broward County, Florida.

6. Upon information and belief, Defendant, ALAN AMADOR is a resident of Miami-Dade County, Florida.

7. Defendant, SIGNATURE AUTOMOTIVE SERVICES, INC., a Florida profit corporation d/b/a BODY CRAFT USA has a principal place of business at 709 North Andrews Avenue, 709, Fort Lauderdale, FL 33311.

8. This cause of action arose in Broward County.

9. Individual Defendant, ARTUR TOBOLA, is registered with the Florida Division of Corporations as the Director and Vice President of SIGNATURE AUTOMOTIVE SERVICES, INC.

10. Individual Defendant, ALAN AMADOR, is registered with the Florida Division of Corporations as the Director and President of SIGNATURE AUTOMOTIVE SERVICES, INC.

11. Individual Defendants ARTUR TOBOLA and ALAN AMADOR are joint employers of Plaintiff as that term is defined under the FLSA. They both had exclusive operational control over the business where Plaintiff worked, was responsible for paying wages to employees, managing workers, managing the business, and classifying employees as exempt or non-exempt.

12. Broward County, Florida is proper venue for this action because Plaintiff was employed by and had dealings with Defendant in Broward County, Florida.

13. Defendants, failed to pay Plaintiff the mandatory wages as required under state and federal law.

14. Defendants have annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

15. Defendants, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

## COMMON ALLEGATIONS

16. Plaintiff was employed with Defendants from on or about March 13, 2017 up to and including his separation on July 11, 2019 in the position of body technician and detailer.

17. Plaintiff's job duties included bodywork on vehicles, wash, clean, and detail cars.

18. Plaintiff regularly worked over forty (40) hours in a given work week.

19. Defendants failed to pay Plaintiff the mandatory wages as required under state and federal law.

20. Defendants failed to pay Plaintiff overtime as required by Federal law.

21. Plaintiff is a non-exempt employee under the FLSA.

22. Plaintiff was not paid time and one half his hourly rate for hours worked over forty (40) in a work week.

23. Plaintiff's job duties were such that he himself was individually engaged in commerce.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
## AS TO DEFENDANT SIGNATURE AUTOMOTIVE SERVICES, INC.
## d/b/a BODY CRAFT USA

Plaintiff re-alleges Paragraphs 1 through 23 as set forth herein.

24. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

25. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks he was

employed with the Defendant.

26. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

27. Defendant, failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

28. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207. Plaintiff is aware of hours for which he was not compensated in the preceding period of time.

29. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

30. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

31. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

32. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows:  The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

**COUNT II**
**UNPAID OVERTIME**
**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207**
**AS TO DEFENDANT ARTUR TOBOLA**

Plaintiff re-alleges Paragraphs 1 through 23 as set forth herein.

33. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

34. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks he was employed with the Defendant.

35. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

36. Defendant, failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

37. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which he was not compensated in the preceding period of time.

38. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

39. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

40. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

41. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows:  The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

### COUNT III
### UNPAID OVERTIME
### IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
### AS TO DEFENDANT ALAN AMADOR

Plaintiff re-alleges Paragraphs 1 through 23 as set forth herein.

42. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

43. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks he was employed with the Defendant.

44. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

45. Defendant, failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

46. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which he was not compensated in the preceding period of time.

47. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

48. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for

the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

49. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

50. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows: The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 5th day of September 2019.

>SCOTT WAGNER & ASSOCIATES, P.A.
>Jupiter Gardens
>250 South Central Boulevard
>Suite 104-A
>Jupiter, FL 33458
>Telephone: (561) 653-0008
>Facsimile: (561) 653-0020
>
>s/Cathleen Scott
>Cathleen Scott, Esq.
>Florida Bar Number 135331
>Primary e-mail: CScott@scottwagnerlaw.com
>Secondary e-mail: mail@scottwagnerlaw.com
>Secondary Address: 101 Northpoint Parkway
>West Palm Beach, FL 33407
>www.ScottWagnerLaw.com